UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BMO HARRIS BANK N.A.<br>    *Plaintiff*,<br><br>v.<br><br>P B & J LOGISTICS INC., *et al.*,<br>    *Defendants*. | No. 3:18-cv-221 (MPS) |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

Plaintiff BMO Harris Bank N.A. ("BHB") brings this breach of contract action against P B & J Logistics Inc. ("PB&J") and Ameen El-Massri. BHB alleges that PB&J breached three loan agreements (count 1) and that El-Massri breached the guaranty he executed guaranteeing PB&J's obligations to BHB. (Count 3.) BHB now moves for summary judgment as to El-Massri under Fed. R. Civ. P. 56. (ECF No. 35-5.) For the reasons described below, BHB's motion for summary judgment is GRANTED as to liability and GRANTED in part and DENIED in part as to damages.

**I.     Procedural Background**

In February 2018, BHB commenced this action.[1] (ECF No. 1.) Defendant El-Massri filed a *pro se* appearance and an answer. (ECF No. 9.) On November 14, 2018, BHB filed a motion for summary judgment as to El-Massri. (ECF No. 17.) On January 28, 2019, El-Massri filed a response. (ECF No. 22.) Thereafter, BHB asked the Court for leave to file an amended motion for summary judgment. (ECF No. 33.) The Court granted BHB's request and denied BHB's original summary judgment motion as moot. (ECF No. 34.) The Court instructed El-Massri that he "may respond to the amended motion within 21 days of filing. If he believes his original (ECF

---

[1] BHB initially named Nichole El-Massri as a defendant but subsequently dismissed her from the action.

No. 22) response addresses the amended motion for summary judgment, he may file a statement on the docket adopting his original response as his response to the amended motion." (ECF No. 34.) On June 12, 2019, BHB filed the pending amended motion for summary judgment. (ECF No. 35.) In response, El-Massri filed a statement indicating that he was relying on his prior submission (ECF No. 36) and BHB filed a reply brief. (ECF No. 37.)

## II.     Factual Background

The facts are taken from BHB's Local Rule 56(a)1 Statement. (ECF No. 35-5.) They are undisputed unless otherwise indicated.[2]

BHB is a national bank association with its principal place of business in Chicago, Illinois. (ECF No. 35-5 at ¶ 1.) PB&J has its principal place of business in Waterbury, Connecticut. (ECF No. 35-5 at ¶ 2.) El-Massri resides in Connecticut and has the same address as PB&J. (ECF No. 35-5 at ¶ 4.) In September 2016, PB&J and BHB entered into three loan and security agreements

---

[2] A motion for summary judgment must include a "'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." L. Civ. R. 56(a)1. Papers opposing a motion for summary judgment must include a "Local Rule 56(a)2 Statement," which includes a reproduction of each numbered paragraph in the moving party's Local Rule 56(a)1 Statement followed by a response to each paragraph admitting or denying the fact and/or objecting to the fact as permitted by Federal Rule of Civil Procedure 56(c). L. Civ. R. 56(a)2. Because El-Massri is self-represented, BHB filed and served a notice as required by Local Rule 56 explaining El-Massri's obligations in responding to the motion for summary judgment. (ECF Nos. 17-4, 35-4.) Although BHB's three page notice did not include a copy of Rule 56, it sufficiently detailed El-Massri's obligations in objecting to the motion. Despite notice, El-Massri did not, however, file a Local Rule 56(a)2 Statement of Facts in Opposition to Summary Judgment or, for that matter, any relevant, admissible evidence that rebuts any statements in the Plaintiff's Local Rule 56(a)1 Statement, such as affidavits or pertinent documents. Therefore, the material facts set forth in BHB's Local Rule 56(a)1 Statement and supported by the evidence are deemed admitted. L.R. 56(a)1 ("Each material fact set forth in the Local Rule 56(a)1 Statement and supported by the evidence will be deemed admitted (solely for purposes of the motion) unless such fact is controverted by the Local Rule 56(a)2 Statement required to be filed and served by the opposing party in accordance with this Local Rule....").

by which PB&J financed the purchase of certain equipment for use in its business and gave BHB a security interest in that equipment. (ECF Nos. 1-2, 1-3, 1-4.) On or about September 7, 2016, PB&J and BHB entered into the first agreement in the total amount of $22,009.20 for the purchase of certain "steel flatbeds" (hereinafter "Agreement 1"). (ECF No. 35-5 at ¶ 5.) Agreement 1 required PB&J to make monthly payments of $366.82 beginning on October 10, 2016 for a term of 60 months. (ECF No. 35-5 at ¶ 8.) On or about September 13, 2016, PB&J and BHB entered into a second agreement in the total amount of $47,103.00 for the purchase of certain additional "steel flatbeds" (hereinafter "Agreement 2"). (ECF No. 35-5 at ¶ 14; ECF No. 1-3 at 2–6.) Agreement 2 required PB&J to make monthly payments of $785.05 beginning on October 20, 2016 for a term of 60 months. (ECF No. 35-5 at ¶¶ 15, 17.) On or about September 13, 2016, PB&J and BHB entered into the third agreement in the total amount of $178,204.00 for the purchase of certain equipment (hereinafter "Agreement 3"). (ECF No. 35-5 at ¶¶ 23.) Agreement 3 required PB&J to make monthly payments of $3,564.08 beginning on November 1, 2016 for a term of 50 months. (ECF No. 35-5 at ¶ 24.) BHB disbursed the funds for purchase of the equipment, and PB&J used the equipment at its Waterbury, Connecticut address. (ECF No. 1-2 at 2, 6; 1-3 at 2, 6; 1-4 at 2, 6; ECF 35-5 at No. ¶¶ 7, 16, 25.)

The three loan and security agreements contained identical provisions defining events of default and BHB's remedies. Under paragraph 5.1 of the Agreements, entitled "Events of Default," "[a] event of default shall occur if . . . [PB&J] fails to pay when due any amount owed by it to [BHB]." (ECF No. 35-5 at ¶ 18.) As to remedies when there has been an "event of default," BHB may "declare the indebtedness hereunder to be immediately due and payable" and "exercise all of its rights and remedies." (ECF No. 35-5 at ¶ 19.) Under paragraph 5.2, "Debtor shall also pay to Lender all expenses of retaking, holding, preparing for sale, selling and the like, including

without limitation (a) reasonable fees for any attorneys retained by Lender, and (b) all other legal expenses incurred by debtor. Debtor agrees that Debtor is liable for any deficiency remaining after any disposition of Equipment after Default." (ECF No. 35-5 at ¶ 29.) Paragraph 5.3, entitled Acceleration Interest, provides that "Debtor agrees to pay Lender, upon acceleration of indebtedness, interest on all sums then owing hereunder at a rate of 1 1/2 % [18% annually] if not prohibited by law, otherwise at the highest interest rate Debtor can legally obligate itself to pay or Lender can legally collect under applicable law."[3] (ECF No. 35-5 at ¶ 12.)

On September 13, 2016, El-Massri executed a "Continuing Guaranty," personally and unconditionally guaranteeing PB&J's performance on its obligations to BHB. (ECF No. 35-5 at ¶¶ 32, 39.) In March 2017, PB&J defaulted on Agreements 2 and 3 (ECF No. 35-5 at ¶¶ 22, 31, 34.) In April 2017, PB&J defaulted on Agreement 1.(ECF No. 35-5 at ¶¶ 13, 34.) The equipment was surrendered to BHB, which sold it and applied the net sales proceeds to the total deficiency balance it was owed. (ECF No. 35-5 at ¶ 35.) A balance in overdue payments and accrued interest remains due and owing to BHB. (ECF No. 35-5 at ¶ 37.) El-Massri has not paid BHB the monies PB&J owes under the Agreements. (ECF No. 35-5 at ¶ 41.) Accordingly, El-Massri defaulted on his contractual obligations under the guaranty by failing to cure the default of PB&F. (ECF No. 35-5 at ¶ 40.)[4]

## III. LEGAL STANDARD

The court must grant a motion for summary judgment if the moving party shows "that there

---

[3] The loan agreements provide that Texas law governs. (ECF No. 1-2 at 5; ECF No. 1-3 at 5; ECF No. 1-4 at 5.)

[4] BHB also moved for default judgment as to PB&J. In a ruling issued today, the Court granted the motion as to liability and for damages equaling the principal balance and interest but denied without prejudice the request for "acceleration interest at 18%."

is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" based on it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If a motion for summary judgment is supported by documentary evidence and sworn affidavits and "demonstrates the absence of a genuine issue of material fact," the nonmoving party must do more than assert the existence of some unspecified disputed material facts or "rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (internal citation omitted). The party opposing the motion for summary judgment "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.* In reviewing the record, the court "must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Gary Friedrich Enterprises, LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 312 (2d Cir. 2013).

## IV. DISCUSSION

BHB moves for summary judgment as to its breach of contract claim against El-Massri in count 3 of the complaint.[5] BHB argues that there is no genuine issue of material fact in dispute

---

[5] The Continuing Guaranty (unlike the loan agreements) does not specify which state law governs. BHB does not make a choice-of-law argument but cites Connecticut law in its motion. "[A] federal court sitting in diversity must apply the conflict-of-laws rules of the state in which the federal court sits," here, Connecticut. *Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 710 (2d Cir. 2002) (citation omitted). Connecticut follows the "most significant relationship" approach of the Restatement (Second) for analyzing choice of law issues involving contracts. *See Gen. Acc. Ins. Co. v. Mortara*, 314 Conn. 339, 346 (2014). Where, as here, "there is no choice of law provision in the contract, the general rule to be applied is that of § 188 [of the Restatement (Second)]." *Id.* (citation omitted). Under that provision, the court should consider: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." *Id.* at 348 (quoting Restatement (Second) of Conflict of Laws

5

and that it is entitled to judgment as a matter of law on its claim that El-Massri defaulted on the personal guaranty he executed. As relief, BHB requests that judgment be entered in its favor and that it be awarded damages of $146,139.68, which consists of principal balance, contractual interest rate, and an 18% "acceleration interest rate." (ECF No. 35-5 at ¶¶ 38, 41.)

"[A] guarantee is a promise to answer for the debt, default or miscarriage of another." *JSA Financial Corp. v. Quality Kitchen Corp. Of Delaware*, 113 Conn. App. 52, 57 (2009) (internal quotation marks and citations omitted). "The elements of a prima facie claim for a breach of a written guaranty are the same as those required to assert a claim of breach of contract." *J.E. Robert Co. v. Signature Properties, LLC*, No. HHDCVX04075026084S, 2010 WL 796774, at *14 (Conn. Super. Ct. Feb. 3, 2010) (internal quotation marks and citations omitted). Under Connecticut law, "[t]he elements of a breach of contract claim are the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages." *Meyers v. Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.*, 311 Conn. 282, 291 (2014).

Here, the undisputed facts demonstrate that: (1) El-Massri entered into a guaranty agreement with BHB guaranteeing PB&J's performance of its obligations to BHB; (2) BHB performed under the agreement by lending money to PB&J pursuant to the loan agreements; (3) El-Massri breached the guaranty agreement by failing to pay BHB after PB&J defaulted on the loan agreements; and (4) BHB suffered damages as a result of El-Massri's breach.

---

§ 188(2) (1971).). Although the record is silent as to the place of contracting and negotiation, both PB&J and El-Massri are residents of Connecticut and the equipment at issue was used at their Connecticut address. In addition, the only location listed in the Guaranty is that address. On this record, Connecticut has the most significant relationship to the transaction and parties at issue in this case.

El-Massri's opposition (ECF No. 22) consists of numerous documents, including his medical records. He states that PB&J are the owners of the equipment that BHB financed, that he "never owned PB&J" and was only a driver for the company, and that PB&J dissolved in March 2017. (ECF No. 22 at 2.) He further states that he is unable to work due to his health, has applied for social security disability benefits, and will declare bankruptcy should judgment enter against him. (ECF No. 22 at 1, 5.) Nothing in El-Massri's submission, however, calls into question any of the material facts underlying BHB's breach of guaranty claim.

Having determined that BHB is entitled to judgment as to liability on its breach of contract claim, I next consider damages. BHB seeks damages in the amount of $146,139.68. In support, it submits the affidavit of Tonya Hinton, BHB's Legal and Recovery Team Lead. (ECF No. 35-1.) Hinton sets forth BHB's requested damages in a table entitled "Total Deficiency Calculation." For each of the three agreements, the table lists the "Principal Balance," "Carry Over Interest at Contractual Rate," and "Acceleration Interest at 18%." (ECF No. 35-1 at ¶ 41.) The underlying documentation is a "Loan Damage Calculator" spreadsheet for each of three loan agreements. (ECF No. 35-1 at 40-42.) As set forth in the Court's ruling on BHB's motion for default judgment, BHB's submissions fail to explain the application of 18% acceleration interest. Specifically, it is not clear that BHB's calculation does not run afoul of the maximum interest rate permitted under Texas law, which governs the three loan agreements. *See* ECF No. 24 at 11. BHB has failed to meet its burden of providing adequate support for these particular damages.[6] Therefore, the Court grants the motion for summary judgment as to the principal balance and carry over interest under the three agreements and denies the motion without prejudice as to the BHB's request for

---

[6] For these damages, BHB seeks a total of $11,231.10 as follows: $378.30 under agreement #1, $1675.80 under agreement #2, and $9177 under agreement #3. ECF No. 35-5 at 7.

accelerated interest. Should BHB seek an award of these specific damages, it may file a final renewed request, together with affidavits or other documentation, setting forth with specificity how the requested damages are calculated and an explanation as to why such charges are not usurious under Texas law. See ECF No. 24 at 11. If the showing is adequate, the Court will issue an amended judgment.

**V.     Conclusion**

For these reasons, the motion for summary judgment (ECF No. 35) is granted as to liability and granted in part and denied in part as to damages. Judgment shall enter in favor of BHB against El-Massri as to count 3 in the amount of $134,908.58. The Clerk is directed to close the case.

IT IS SO ORDERED.

_____/s/_____<br>Michael P. Shea, U.S.D.J.

Dated:          Hartford, Connecticut
                March 31, 2020